■ In the Matter of RENSSELAER CITY SCHOOL DISTRICT UNIT OF RENSSELAER COUNTY EDUCATIONAL LOCAL OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which dismissed an improper practice charge filed by petitioner against the Rensselaer City School District. This is an article 78 proceeding to review a determination of the Public Employment Relations Board (PERB). The relevant facts have been stipulated. The Rensselaer City School District (district) adopted a resolution directing the superintendent of schools to consider residency as a criterion in making future appointment and promotion decisions. Specifically, first preference was to be given to residents of the City of Rensselaer, second preference to residents of the County of Rensselaer and no preference to residents of other counties. Thereafter, petitioner, the recognized representative of a unit of district employees, filed an improper practice charge with PERB. The charge alleged that the residency preference is a "term and condition of employment" under subdivision 2 of section 204 of the Civil Service Law, and that, therefore, the district committed an improper practice by unilaterally imposing this preference on district employees. PERB disagreed, concluding that a residency preference is a managerial prerogative beyond the scope of compulsory negotiations. The instant proceeding was thereafter commenced. Petitioner concedes that a residency preference for appointment of new employees is not a term and condition of employment, but rather a "qualification" for employment and, therefore, an issue of managerial prerogative. Thus, our consideration narrows to the propriety of the unilateral imposition of the residency preference on promotional decisions. This is an issue of first impression. PERB is empowered to make preliminary determinations as to whether a particular item sought to be negotiated is a term and condition of employment (*Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 51) and such determinations should not be disturbed unless they are arbitrary or capricious or constitute an abuse of discretion or are affected by an error of law (CPLR 7803, subd 3; *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.*, 48 NY2d 398, 404). Subdivision 2 of section 204 of the Civil Service Law requires public employers to negotiate with their employees all "terms and conditions of employment" which have been defined as "salaries, wages, hours, agency shop fee deduction and other terms and conditions of employment" (Civil Service Law, § 201, subd 4). Considering the record in its entirety, we are unable to say that the determination finding the residency preference not to be a term and condition of employment is unreasonable. The residency preference does not deprive a nonresident of promotion but merely gives a preference to a city or county resident. We must assume that implicit in the determination to promote a resident is that he is qualified for the position. It is presumed that PERB has developed an expertise and judgment that requires us to accept its interpretation if not unreasonable (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.*, *supra*). Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.